(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Juska, John E.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**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** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**800 West Hickory Street**<br>**Hinsdale, Illinois 60521** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **DuPage County** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☒ Chapter 7 ☐ Chapter 11 ☐ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ | ☐ Clearing Bank | |

**Nature of Debts** (Check one box)
☒ Consumer/Non-Business  ☐ Business

**Filing Fee** (Check one box)
☒ Full Filing Fee Attached
☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-o |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,01 to<br>$100 mill |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,01 to<br>$100 mill |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 02/23/2004
Time: 13:22:11
Debtor: JOHN E JUSKA
Case: 04-06759     Fee : 209
Chapter: 7 Rec. # : 3063649
Judge: John Squires
341 mtg: 04/13/2004 @ 03:30PM
Trustee: GINA KROL

1:04BK06759-BK001

(Official Form 1) (12/03) FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s) **John E. Juska** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed: **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**2/21/04**
Date

X _____
Signature of Attorney

Signature of Attorney for Debtor(s

**Alexander D. Kerr, Jr., 01450484**
Printed Name of Attorney for Debtor(s) / Bar No.

**Tishler & Wald, Ltd.**
Firm Name

**200 S. Wacker Drive  Suite 3000**
Address

**Chicago, IL 60606**

**312-876-3800**                    **312-876-3816**
Telephone Number

**2/23/04**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)                    Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A
(6/90)

In re: __John E. Juska_____,   Case No. _____
                    Debtor                                                      (if known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 800 W. Hickory St. Hinsdale, IL 60521 Single Family Residence | Joint Tenancy Ownership | J | $ 825,000.00 | $ 483,747.00 |
| | Total  ➤ | | $ 825,000.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re __John E. Juska__                                    Case No. _____
                    Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand | | 200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Harris Bank of Hinsdale 50 S. Lincoln Hinsdale, IL 60522 | J | 300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 1 common lot of household goods (50%) | J | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | 1 lot of of books and pictures (50%) | J | 100.00 |
| 6. Wearing apparel. | | 1 Common Lot of Men's Clothing | H | 100.00 |
| 7. Furs and jewelry. | | Miscellaneous Jewelry | J | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Miscellaneous Sports Equipment | H | 100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | Fidelity Investments 401(k) | H | 288,182.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | IRA - E & R Code Securities | H | 71,187.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

FORM B6B
(10/89)

In re    **John E. Juska**                                                          Case No. _____
              Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Chevrolet Suburban (H&W) | J | 12,000.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Dodge Durango (H&W) | J | 7,000.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Mitsubishi Eclipse (100% Financed) | H | 9,330.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |

FORM B6B
(10/89)

In re  **John E. Juska**                                                      Case No.
                    Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |

____2____   continuation sheets attached        Total  ＞        **$ 389,699.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re __John E. Juska_____, Case No. _____

   Debtor.                                                  (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).   **Note: These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1 common lot of household goods (50%) | 735ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| 1 Common Lot of Men's Clothing | 735 ILCS 5/12-1001(a),(e) | 100.00 | 100.00 |
| 1 lot of of books and pictures (50%) | 735 ILCS 5/12-1001(b) | 100.00 | 0.00 |
| 1999 Chevrolet Suburban (H&W) | 735 ILCS 5/12-1001(c) | 12,000.00 | 12,000.00 |
| 1999 Dodge Durango (H&W) | 735 ILCS 5/12-1001(c) | 7,000.00 | 7,000.00 |
| 2003 Mitsubishi Eclipse (100% Financed) | 735 ILCS 5/12-1001(c) | 9,330.00 | 9,330.00 |
| 800 W. Hickory St. Hinsdale, IL 60521 Single Family Residence | §750 ILCS 65-22<br><br>735 ILCS 5/12-901 | 0.00<br><br>0.00 | 341,253.00 |
| Cash on hand | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
| Fidelity Investments 401(k) | 735 ILCS 5/12-704 | 288,182.00 | 288,182.00 |
| Harris Bank of Hinsdale 50 S. Lincoln Hinsdale, IL 60522 | 735 ILCS 5/12-1001(b) | 300.00 | 300.00 |
| IRA - E & R Code Securities | 735 ILCS 5/12-704 | 71,187.00 | 71,187.00 |
| Miscellaneous Jewelry | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
| Miscellaneous Sports Equipment | 735 ILCS 5/12-1001(b) | 100.00 | 0.00 |

FORM B6D
(12/03)

In re: **John E. Juska**                                                      Case No. _____
_____
Debtor                                                                        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   65007729<br>Harris Bank CLC-Serv Dep. D 028<br>3800 Golf Road, Ste 300<br>P.O. Box 5043<br>Rolling Meadows, IL 60008 | X | J | Mortgage - First<br>800 W. Hickory St.<br>Hinsdale, IL 60521<br>Single Family Residence<br><br>VALUE $825,000.00 | | | | 483,747.00 | 0.00 |
| ACCOUNT NO.   10305757<br>Harris Bank of Hinsdale<br>50 South Lincoln St.<br>Hinsdale, Illinois 60522 | X | J | Mortgage<br>800 W. Hickory St.<br>Hinsdale, IL 60521<br>Single Family Residence<br><br>VALUE $825,000.00 | | | | 5,000.00 | 0.00 |
| ACCOUNT NO.   100-040-5300389-9001<br>Mitsubishi Motors<br>Credit of America<br>P.O. Box 0555<br>Carol Stream, IL 60132-0555 | | H | Auto Loan<br>2003 Mitsubishi Eclipse (100% Financed)<br><br>VALUE $19,000.00 | | | | 28,330.00 | 9,330.00 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal ➤<br>(Total of this page) | $517,077.00 |
| Total ➤<br>(Use only on last page) | $517,077.00 |

(Report total also on Summary of Schedules)

Form B6F (12/03)

In re    John E. Juska                                                    ,    Case No.  _____
                    **Debtor**                                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    372391393612000<br><br>American Express<br>P.O. Box 360002<br>Ft. Lauderdale, FL 33336-0002 | | J | Credit Card Debt | | | | 23,433.00 |
| ACCOUNT NO.    4417129216109120<br><br>BankOne<br>Cardmember Services<br>P.O. Box 50882<br>Henderson, NV 89016-0882 | | J | VISA Credit Card Debt | | | | 14,937.00 |
| ACCOUNT NO.    5291492282005046<br><br>Capital One Services<br>P.O. Box 60000<br>Seattle, WA 98190-6000 | | H | Mastercard Credit Card Debt | | | | 15,753.00 |
| ACCOUNT NO.    5006-4038-5607-001P<br><br>Chubb Group of Insurance Cos.<br>P.O. Box 7247-0180<br>Philadelpia, PA 19170-0180 | | J | Homeowner's Insurance | | | | 2,197.00 |
| ACCOUNT NO.    5466160150777017<br><br>Citibank (Citicards)<br>Box 6000<br>The Lakes, NV 89163 | | J | Mastercard Credit Card Debt | | | | 23,320.00 |

1  Continuation sheets attached

Subtotal  ➤  |  $79,640.00

Total  ➤  |

Form B6F - Cont.
(12/03)

In re    John E. Juska                                                                    ,    Case No. _____
              Debtor                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> HyperFeed Technologies, Inc. <br> 300 S. Wacker Dr., Suite 300 <br> Chicago, Illinois 60606 | | H | 05/01/2000 <br><br> Unsecured personal loan acquired from Lakeside Bank <br><br> + Interest: $15,000 | | | X | 265,000.00 |
| ACCOUNT NO.    5490992227067653 <br><br> MBNA America <br> P.O. Box 15019 <br> Wilmington, DE 19886-5019 | | J | VISA Credit Card Debt | | | | 23,409.00 |
| ACCOUNT NO.    7021270105125057 <br><br> Retail Services <br> P.O. Box 17298 <br> Baltimore, MD 21297-1298 | | J | Best Buy Credit Card Debt | | | | 1,736.00 |
| ACCOUNT NO.    5466410007414086 <br><br> The GM Card <br> P.O. Box 88000 <br> Baltimore, MD 21288-3000 | | H | Mastercard Credit Card Debt | | | | 11,677.00 |
| ACCOUNT NO. <br><br> WashKovic Lawns, Inc. <br> 328 Clinton St. <br> Princeton, WI 54968 | | H | 09/01/2002 <br><br> Judgment | | | | 837.00 |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ (Total of this page) | $302,659.00

Total ▶ (Use only on last page of the completed Schedule F.) | $382,299.00

(Report also on Summary of Schedules)

B6H
(6/90)

In re: __John E. Juska__                                              ,  Case No. _____
                      Debtor                                                                    (If known)

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Mary F. Juska<br>800 W. Hickory<br>Hinsdale, IL. 60521 | Harris Bank CLC-Serv Dep. D 028<br>3800 Golf Road, Ste 300<br>P.O. Box 5043<br>Rolling Meadows, IL 60008 |
| Mary F. Juska<br>800 W. Hickory<br>Hinsdale, IL 60521 | Harris Bank of Hinsdale<br>50 South Lincoln St.<br>Hinsdale, Illinois 60522 |

Form B6I
(12/03)

In re   **John E. Juska**                                    , Case No.
                        Debtor                                              (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status:  **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Debtor's Age:  **48**<br>Spouse's Age: | RELATIONSHIP | AGE |
| | **Daughter** | **19** |
| | **Son** | **16** |
| | **Son** | **11** |
| | **Son** | **4** |
| | **Spouse** | **45** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Chief Financial Officer** | |
| Name of Employer | **Revell-Monogram, LLC** | |
| How long employed | **since 3/17/03** | |
| Address of Employer | **725 Landwehr Road**<br>**Northbrook, IL  60062** | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rata if not paid monthly.) | $ 11,833.00 | $ 0.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 11,833.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 637.00 | $ 0.00 |
| b. Insurance | $ 628.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify)  **Federal Income Tax** | $ 1,000.00 | $ 0.00 |
| **Flexible Spdg. Healthcare** | $ 333.00 | $ 0.00 |
| **State Income Tax** | $ 250.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 2,848.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 8,985.00 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 8,985.00 | $ 0.00 |

TOTAL COMBINED MONTHLY INCOME    **$ 8,985.00**    (Report also on Summary of Schedules)

Form B6I
(12/03)

In re    **John E. Juska**                                              , **Case No.**
_____           _____
                        Debtor                                                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following
the filing of this document:                        **NONE**

Form B6J
(6/90)

In re **John E. Juska**                                                         Case No. _____

_____Debtor_____                                                                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,518.00 |
| Are real estate taxes included?          Yes _____     No ✓ | | |
| Is property insurance included?          Yes _____     No ✓ | | |
| Utilities    Electricity and heating fuel | $ | 350.00 |
|       Water and sewer | $ | 150.00 |
|       Telephone | $ | 160.00 |
|       Other | $ | |
| | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 400.00 |
| Food | $ | 1,200.00 |
| Clothing | $ | 400.00 |
| Laundry and dry cleaning | $ | 70.00 |
| Medical and dental expenses | $ | 300.00 |
| Transportation (not including car payments) | $ | 300.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 400.00 |
| Charitable contributions | $ | 150.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|       Homeowner's or renter's | $ | 272.00 |
|       Life | $ | 0.00 |
|       Health | $ | 0.00 |
|       Auto | $ | 533.00 |
|       Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)    **Real Estate Taxes** | $ | 981.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|       Auto | $ | 0.00 |
|       Other | $ | |
|       **Mitsubishi Auto** | $ | 604.00 |
|       **Union Church Preschool monthly** | $ | 152.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other | $ | 0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ | 8,940.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each _____ | $ | |
| | (interval) | |

Form B6
(6/90)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **John E. Juska**

Case No.

Chapter   **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $   825,000.00 | | |
| B - Personal Property | YES | 3 | $   389,699.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $   517,077.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $   0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $   382,299.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $   8,965.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $   8,940.00 |
| Total Number of sheets in ALL Schedules > | | 16 | | | |
| Total Assets > | | | $   1,214,699.00 | | |
| Total Liabilities > | | | | $   899,376.00 | |

Form 7
(12/03)

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:    **John E. Juska**                                         Case No. _____
          **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**                                           Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 25,712.00 | Revell-Monogram, LLC | Jan - Feb 16, 2004 |
| 124,122.00 | HyperFeed Technologies, Inc. | 12/31/2002 |
| 103,284.00 | Revell-Monogram, LLC | 12/31/03 |

### 2.  Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 4,811.00 | Unemployment Compensation | 12/31/03 |
| 17,875.00 | Capital Gain Net | 12/31/02 |
| 33.00 | Interest | 12/31/03 |
| 3,017.00 | Unemployment Compensation | 12/31/02 |
| 76.00 | Interest | 12/31/02 |

### 3.  Payments to creditors

None
☐

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| BankOne<br>P.O. Box 50882<br>Henderson, NV 89016 | 11/26/03, 12/18/03, 1/30/04 | 928.00 | 14,937.00 |

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Capital One Services<br>P.O. Box 6000<br>Seattle, WA 98190-6000 | 12/17/03, 1/21/04 | 976.00 | 15,753.00 |
| Chubb Group of Insurance Cos.<br>P.O. Box 7247-0180<br>Philadelphia, PA 19170-0180 | 12/18/03 | 738.00 | 2,197.00 |
| CitiCard<br>Box 6000<br>The Lakes, NV 89163 | 12/12/03, 2/7/04 | 666.00 | 23,320.00 |
| GM Card Services<br>P.O. Box 8800<br>Baltimore, MD 21288-3000 | 11/26/03, 1/8/04, 2/7/04 | 732.00 | 11,677.00 |
| Harris Bank of Hinsdale<br>50 South Lincoln St.<br>Hinsdale, Illinois 60522 | 12/12/03, 1/10/04, 2/7/04 | 3,800.00 | 244,374.00 |
| Mitsubishi Motors Credit Corp<br>P.O. Box 0555<br>Carol Stream, IL 60132-0555 | 1/5/04, 2/7/04 | 1,208.00 | 28,330.00 |

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Washkovic Lawns v. John Juska<br>2002SC000243 | Collection disputed debt | State of Wisconsin, Circuit Court Green Lake County | Judgment 9/2002 $836.91 |
| HyperFeed Technologies, Inc. v. John E. Juska<br>02 L 015850 | Lawsuit to collection $250,000, plus $15,000+ interest on Note acquired from Lakeside Bank that matured on 11/17/02 | Circuit Court of Cook County, Law Division, Richard Daley Center, Chicago, IL | Pending |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None ☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **John & Mary Juska to Hope Juska** | **Parents to Daughter** | **06/01/2003** | **Graduation present ($2,000)** |

## 8. Losses

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Tishler & Wald, Ltd. 200 S. Wacker Dr., Ste. 3000 Chicago, IL 60606 | 4/12/03 John E. and Mary F. Juska | $3,000 Retainer for various Financial Advice, law suit defense, bankruptcy |

## 10. Other transfers

None
☒

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Franklin Templeton Investments P.O. Box 33033 St. Petersburg, FK 33733 | IRA Account 219790 $2,301. | 3/4/03, Transferred to E Trade IRA Account. |
| ING (401(k) account) 151 Farmington Ave. Hartford, CT 06156 | 401(k) account 342508940G830 $29,487. | 2/24/03 Transferred to E Trade IRA Account |

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Rosenthal Collins Group 216 W. Jackson Blvd. Cihcago, IL 60606 | Commodity Brokerage Acct W00015-185-11674 | 5/09/03 $24,419.00 |
| T.D. Waterhouse 100 Wall Street New York, NY 10005-3791 | Securities Account 476-01897-1-0 | 6/26/03 $6,346 |

## 12. Safe deposit boxes

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☒

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☐

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Chicago Mercantile Exchange | 36-0902380 | 30 South Wacker Drive Chicago, IL  60606 | Commodity futures Options Market -- CFO & VP | 01/01/1990 06/12/1997 |
| HyperFeed Technology | 36-3131704 | 300 S. Wacker Dr., Ste. 300 Chicago, IL 60606 | Market Data Vendor CFO | 07/05/1997 09/30/2002 * |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|------|

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  2/21/04          Signature of Debtor   _John E. Juska_

* Revell Monogram, LLC     8601 Waukegan Road      Chief Financial Officer
                           Morton Grove, IL        3/17/03 to present
                           60053-2295

Official Form 8
( 12/03)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re:   **John E. Juska**

 **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**

Case No. _____

Chapter   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

    a.   *Property To Be Surrendered.*

Description of Property                      Creditor's Name

        **None**

    b.   *Property To Be Retained.*                    *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. Mortgage - First<br>800 W. Hickory St.<br>Hinsdale, IL 60521<br>Single Family Residence | Harris Bank CLC-Serv Dep. D 028 | | | | |
| 2. 800 W. Hickory St.<br>Hinsdale, IL 60521<br>Single Family Residence | Harris Bank of Hinsdale | | | | |
| 3. 2003 Mitsubishi Eclipse<br>(100% Financed) | Mitsubishi Motors | | | | |

Date:   *2/21/04*

                                     Signature of Debtor

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:    **John E. Juska**                                                    Case No. _____

                                                                               Chapter    **7**

Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                          $        **3,000 plus** *

   Prior to the filing of this statement I have received                $        **3,000.00**

   Balance Due                                                          $        _____

2. The source of compensation paid to me was:

   ☒  Debtor                    ☐  Other (specify)          * Normal hourly rate

3. The source of compensation to be paid to me is:                      for Post-Petition additional

   ☒  Debtor                    ☐  Other (specify)          services after §341(a) meeting

4. ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
      of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
      my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
      attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
       a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)  [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
       **None**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated: ___**2/23/04**___                    _Alexander D Kerr_ _____

                                            **Alexander D. Kerr, Jr., Bar No. 01450484**

                                            **Tishler & Wald, Ltd.**
                                            Attorney for Debtor(s)

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal
Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy
law is complicated and not easily described. Therefore, you should seek the advice
of an attorney to learn of your rights and responsibilities under the law should you
decide to file a petition with the court. Court employees are prohibited from giving
you legal advice.

## Chapter 7: Liquidation  ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.    Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.    Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under
governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the
Bankruptcy Code.

3.    The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have
committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the
purpose for which you filed the bankruptcy petition will be defeated.

4.    Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be
responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or
personal injury caused by driving while intoxicated from alcohol or drugs.

5.    Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney
can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.    Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to
pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts
set forth in the Bankruptcy Code.

2.    Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them,
using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years.
Your plan must be approved by the court before it can take effect.

3.    Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue
to make payments under the plan.

4.    After completion of payments under your plan, your debts are discharged except alimony and support payments, student
loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated
from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization  ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite
complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways
similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family
- owned farm.

I, the debtor, affirm that I have read this notice.

_2/21/04_
Date

_[signature]_
Signature of Debtor

_____
Case Number

Official Form 6 - Cont.
(12/03)

In re: **John E. Juska**

Debtor

Case No.

(If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**16**_____

(Total shown on summary page plus 1.)

sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _2/21/04_

Signature: _____

John E. Juska

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Alexander D. Kerr, Jr.  01450484
Tishler & Wald, Ltd.
200 S. Wacker Drive
Suite 3000
Chicago, IL 60606

312-876-3800
Attorney for the Petitioner(s)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In Re:
Debtor:  **John E. Juska**
Social Security Number:  **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**

Case No:

Chapter **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **American Express**<br>P.O. Box 360002<br>Ft. Lauderdale, FL 33336-0002 | **Unsecured Claims** | **$ 23,433.00** |
| 2. **BankOne**<br>**Cardmember Services**<br>P.O. Box 50882<br>Henderson, NV 89016-0882 | **Unsecured Claims** | **$ 14,937.00** |
| 3. **Capital One Services**<br>P.O. Box 60000<br>Seattle, WA 98190-6000 | **Unsecured Claims** | **$ 15,753.00** |
| 4. **Chubb Group of Insurance Cos.**<br>P.O. Box 7247-0180<br>Philadelpia, PA 19170-0180 | **Unsecured Claims** | **$ 2,197.00** |
| 5. **Citibank (Citicards)**<br>Box 6000<br>The Lakes, NV 89163 | **Unsecured Claims** | **$ 23,320.00** |

In re:   John E. Juska

Case No. _____

| | | | |
|---|---|---|---|
| 6. | Harris Bank CLC-Serv Dep. D 028<br>3800 Golf Road, Ste 300<br>P.O. Box 5043<br>Rolling Meadows, IL  60008 | Secured Claims | $ 483,747.00 |
| 7. | Harris Bank of Hinsdale<br>50 South Lincoln St.<br>Hinsdale, Illinois 60522 | Secured Claims | $  5,000.00 |
| 8. | HyperFeed Technologies, Inc.<br>300 S. Wacker Dr., Suite 300<br>Chicago, Illinois 60606 | Unsecured Claims | $ 265,000.00 |
| 9. | MBNA America<br>P.O. Box 15019<br>Wilmington, DE 19886-5019 | Unsecured Claims | $ 23,409.00 |
| 10. | Mitsubishi Motors<br>Credit of America<br>P.O. Box 0555<br>Carol Stream, IL  60132-0555 | Secured Claims | $ 28,330.00 |
| 11. | Retail Services<br>P.O. Box 17298<br>Baltimore, MD  21297-1298 | Unsecured Claims | $  1,736.00 |
| 12. | The GM Card<br>P.O. Box 88000<br>Baltimore, MD  21288-3000 | Unsecured Claims | $ 11,677.00 |
| 13. | WashKovic Lawns, Inc.<br>328 Clinton St.<br>Princeton, WI 54968 | Unsecured Claims | $   837.00 |

In re:    **John E. Juska**                                              Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

I, **John E. Juska**, named as debtor in this case, declare under penalty of perjury that I have read the foregoing Numbered
Listing of Creditors, consisting of **2 sheets** (not including this declaration), and that it is true to the best of my information and
belief.

Signature:  _John E. Juska_
                  John E. Juska

Dated:  _2/21/04_

American Express
P.O. Box 360002
Ft. Lauderdale, FL 33336-0002


BankOne
Cardmember Services
P.O. Box 50882
Henderson, NV  89016-0882


Capital One Services
P.O. Box 60000
Seattle, WA  98190-6000


Chubb Group of Insurance Cos.
P.O. Box 7247-0180
Philadelpia, PA  19170-0180


Citibank (Citicards)
Box 6000
The Lakes, NV 89163


Harris Bank CLC-Serv Dep. D 028
3800 Golf Road, Ste 300
P.O. Box 5043
Rolling Meadows, IL  60008


Harris Bank of Hinsdale
50 South Lincoln St.
Hinsdale, Illinois 60522


HyperFeed Technologies, Inc.
300 S. Wacker Dr., Suite 300
Chicago, Illinois 60606


Mary F. Juska
800 W. Hickory
Hinsdale, IL  60521

MBNA America
P.O. Box 15019
Wilmington, DE 19886-5019


Mitsubishi Motors
Credit of America
P.O. Box 0555
Carol Stream, IL  60132-0555


Retail Services
P.O. Box 17298
Baltimore, MD  21297-1298


The GM Card
P.O. Box 88000
Baltimore, MD  21288-3000


WashKovic Lawns, Inc.
328 Clinton St.
Princeton, WI 54968